IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00170-CV

 

Fedencio "J.R." Marquez, Joe

rodriguez, Stevie Flores, 

Alfred Solano, Anthony Pena, 

Yolonda Orta Gongora, Richard 

Contreres, Rolando Saenz, 

and Becky Blankenstein,

                                                                                    Appellants

 v.

 

Louis C. Salinas, Ruben M. Santos, 

David Gonzales, and Patrick 

Contreras, Individually & as 

Directors of the Cen-Tex Hispanic 

Chamber of Commerce,

                                                                                    Appellees

 

 



From the 414th District Court

McLennan County, Texas

Trial Court No. 2007-719-5

 



MEMORANDUM Opinion










 

            Appellants filed a notice of appeal
from an interlocutory order rendered against them.  Appellees now file a motion
to dismiss the appeal stating that the appeal is moot because the parties to
the underlying litigation have entered into a mediated settlement agreement and
the underlying litigation has been dismissed.  Appellants have approved
Appellees’ motion.

            Accordingly, this appeal is
dismissed.  See Tex. R. App. P.
42.1(2)(a).

 

                                                                                    TOM
GRAY

                                                                                    Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Judge
Hyde[1]

Appeal
dismissed

Opinion
delivered and filed October 10, 2007

[CV06]









[1] John G. Hyde, Judge of the 238th District Court of Midland County, sitting by assignment of the Chief Justice of the Texas Supreme Court pursuant
to section 74.003(h) of the Government Code.  See Tex. Gov't Code Ann. § 74.003(h)
(Vernon 2005).

 








0;                                                                                  

      Mardie Swartz entered pleas of guilty to the offenses of escape and burglary of a habitation. 
The trial court instructed the jury to find her guilty, and the jury assessed punishment at ten years
for escape


 and seventy-five years for burglary of a habitation.



      Swartz's appointed counsel filed a brief in which he concludes that her appeal is without merit
because the record reflects no reversible error. The brief meets the requirements of Anders v.
California by advancing two contentions that might arguably support the appeal.



      In point one, Swartz contends that the court erred by admonishing her in the presence of the
jury on the consequences of her guilty plea. At the pretrial hearing Swartz pleaded not guilty to
both offenses. After the jury was empaneled and sworn, however, Swartz pleaded guilty to each
offense. The trial court immediately recessed the jury and admonished Swartz on the
consequences of her guilty pleas.


 The trial court then called the jury back into the courtroom and,
in the presence of the jury, again admonished Swartz before accepting her pleas of guilty to both
offenses. 
      Admonitions in the jury's presence could prejudice the defendant and result in a mistrial or
a reversal (such as when it becomes necessary to withdraw the plea of guilty and enter a plea of
not guilty).


 Swartz, however, never sought to withdraw her pleas of guilty and enter pleas of not
guilty. Because no prejudice resulted from the admonition in the jury's presence in this case, we
overrule Swartz's first arguable point of error.
      In point two, Swartz contends that the State engaged in improper arguments during the
punishment phase of the trial. The prosecutor twice referred to Swartz as a "killer" during the
opening argument. During closing argument the prosector referred to her prior conviction by
saying that she "cold-bloodedly murdered another human being." Finally, the prosecutor asked
the jury to "give this community hope" and begged the jury to "strongly consider life or 99 years." 
Swartz made no objection to the jury argument.
      Proper jury argument falls within one of the following categories: (1) a summary of the
evidence; (2) a reasonable deduction from the evidence; (3) an answer to the opponent's argument;
or (4) a plea for law enforcement.


 All other arguments are improper. The general rule is that
the defendant must object to the improper argument to preserve a complaint for appeal.


 When
the jury argument is so prejudicial that an instruction to disregard the argument could not cure the
harm, neither a timely objection nor an adverse ruling is required to preserve the compliant for
appellate review.


 The jury argument in this case, however, was neither prejudicial nor improper.
      The State introduced evidence regarding Swartz's prior conviction for murder with a deadly
weapon. The prosecutor's references to Swartz as a "killer" and description of her prior
conviction as a "cold-blooded murder" were, therefore, proper as a reasonable deduction from the
evidence.



      The prosecutor's argument to "give this community hope" was not designed to induce the jury
to assess Swartz a particular punishment because the community desired such.


 Rather than
asking the jury to lend its ear to the community, the prosecutor was asking the jury to be the voice
of the community.


 Asking the jury to give the community hope was proper as a plea for law
enforcement.


 Accordingly, we overrule Swartz's second arguable point of error.
      After reviewing the statement of facts and the transcript, the Court is in agreement with
Swartz's appointed counsel that the appeal is without merit. The Anders brief contains a certificate
of service to Swartz reflecting counsel's compliance with Anders by sending a copy of the brief,
the statement of facts, and the transcript to Swartz and advising her of her right to file a pro se
brief. As of this date, we have received no brief from Swartz. We have made a full examination
of the record and find no error requiring reversal. We, therefore, find the appeal without merit
and affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice


Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed January 27, 1993
Do not publish